# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| TONI RAND LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-00058-DCN |
| vs. ) | |
| ) | **ORDER** |
| ANDREW M. SAUL, *Commissioner of* ) | |
| *Social Security Administration*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on plaintiff Toni Rand Lewis's ("Lewis") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Lewis requests $9,950.12 in attorney's fees as a prevailing party under the EAJA. ECF No. 28 at 3. Andrew M. Saul, Commissioner of the Social Security Administration ("Commissioner"), argues that while Lewis is entitled to fees, the amount requested by Lewis is unreasonable based on the lack of complexity of the disputed issues, the purpose of the EAJA statute, and the standards of reasonableness reflected in EAJA awards previously ordered by this court. Therefore, the Commissioner concludes, the court should only award Lewis $4,537.17. ECF No. 29 at 11. For the reasons stated below, the court grants in part and denies in party Lewis's motion for attorney's fees. The motion is granted to the extent that the court awards Lewis attorney's fees and costs under the EAJA; however, the motion is denied to the extent it seeks an amount that is more than that specified herein.

## I. BACKGROUND

Lewis filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act") on July 17, 2015. ECF No. 23 at 2. His application was denied initially on December 22, 2015, and on reconsideration on February 4, 2016. A hearing was held on December 8, 2017, before an Administrative Law Judge ("ALJ"). On February 27, 2018, the ALJ issued a decision and found that Lewis was not disabled. The Appeals Council denied Lewis's request for review on December 14, 2018, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

On January 8, 2019, Lewis filed a complaint asking for judicial review of the denial by the Commissioner of his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). ECF No. 1. On August 2, 2019, Lewis filed his brief in support of his appeal. ECF No. 16. On September 9, 2019, the Commissioner responded to Lewis's brief, ECF No. 19, to which Lewis relied on September 23, 2019, ECF No. 21. On January 29, 2020, the magistrate judge issued a report and recommendation ("R&R"), recommending that the Commissioner's decision be reversed and that the case be remanded for further proceedings consistent with the R&R. ECF No. 23. On February 12, 2020, the court adopted and incorporated the R&R, reversing the Commissioner's decision and remanding the case for further proceedings consistent with the R&R. ECF No. 26. On May 4, 2020, Lewis filed a motion for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d). ECF No. 28. On May 18, 2020, the Commissioner responded to the motion, ECF No. 29, to which Lewis replied on May 21, 2020, ECF No. 30.

## II.  STANDARD

The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses."  28 U.S.C. § 2412(b).  To qualify as a "prevailing party," a party "must succeed on the merits of a claim."  <u>S-1 By & Through P-1 v. State Bd. of Educ. of N.C.</u>, 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), <u>adopted as majority opinion</u>, 21 F.3d 49 (4th Cir. 1994) (en banc).  "In other words, success must be something buttressed by a court's authority or required by a rule of law.  The lawsuit must materially alter the 'legal relationship' between plaintiffs and defendants."  <u>Id.</u>  When a court reverses and remands a case to the Commissioner for administrative action pursuant to 42 U.S.C. § 405(g), the plaintiff is considered the "prevailing party" under the EAJA.  <u>See</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993); <u>Lewis v. Colvin</u>, 2018 WL 1316889, at *1 (D.S.C. Mar. 14, 2018).

However, "[a] request for attorney's fees should not result in a second major litigation."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).  The parties are encouraged to attempt to reach a settlement on attorney's fees, and if the parties efforts to settle fails, the plaintiff bears the burden of demonstrating that the number of hours charged are reasonable.  <u>See</u> 28 U.S.C. § 2412(d)(2)(A); <u>Hensley</u>, 461 U.S. at 437.  Under the EAJA, "the district court must undertake the 'task of determining what fee is reasonable'" in light of the circumstances surrounding the particular case.  <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 253 (4th Cir. 2002) (quoting <u>INS v. Jean</u>, 496 U.S. 154, 161 (1990)).  "Counsel should submit evidence supporting the hours worked and exercise 'billing judgment' with respect to hours worked.  Hours that are not properly billed to one's client also are not

properly billed to one's adversary pursuant to statutory authority." Hyatt, 315 F.3d at 253 (citations and quotations omitted).

A district court is afforded "substantial discretion in fixing the amount of an EAJA award" and may only grant a motion for fees if the request is reasonable. See Hyatt, 315 F.3d at 254. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461 U.S. at 436–37. When evaluating the reasonableness of the fees requested, a court may consider the following factors: (1) the extent of a plaintiff's success; (2) the novelty and complexity of the issues presented; (3) the experience and skill of the attorney; and (4) the typical range of compensated hours in a particular field. See Rogers v. Astrue, 2015 WL 9239000, at *2 (W.D.N.C. Dec. 17, 2015).

### III.   DISCUSSION

Because the court reversed and remanded Lewis's case to the Commissioner for administrative action pursuant to 42 U.S.C. § 405(g), Lewis is a "prevailing party" under the EAJA. See Shalala, 509 U.S. at 302; Lewis, 2018 WL 1316889, at *1. In his motion, Lewis seeks $207.63 per hour for 46 hours of attorney time billed for a total of $9,550.98 in fees. ECF No. 28 at 3; ECF No. 28-1. Lewis derived $207.63 per hour for the hourly billing rate by calculating the increase in cost of living according to the consumer price index since the $125 hourly rate was enumerated in the EAJA. Id.; 28 U.S.C. § 2412(d)(2)(A)(ii). The Commissioner agrees that Lewis is entitled to attorney's fees and does not object to the hourly rate requested. ECF No. 29 at 5. The court finds that, because the Commissioner does not challenge Lewis's claim to EAJA fees, or to the

4

billing rate asked for in his brief, Lewis is entitled to an award of attorney's fees under the EAJA at a rate of $207.63 per hour, pursuant to the court's authority to raise the statutory maximum billing rate in conjunction with the consumer price index.  See 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."); Sullivan v. Sullivan, 958 F.2d 574, 577 (4th Cir. 1992).

The Commissioner does contend, however, that the total amount requested by Lewis is excessive.  In his brief, the Commissioner compares the publically available EAJA fees awarded within this district from January 1, 2020 through April 1, 2020 with the amount requested by Lewis.  See ECF No. 29-1 (collecting cases).  The Commissioner argues that because those cases show that the average EAJA fee awarded in this district was $4,537.17, Lewis's fee request of $9,550.98 is unreasonable.  ECF No. 29 at 2.  The Commissioner also argues that Lewis's claimed time is excessive because (1) the issues involved in her case were not unique or novel; (2) the administrative record was relatively light; (3) Lewis's counsel are experienced Social Security advocates; and (4) the billing method utilized by Lewis's counsel is not specific enough to permit an adequate basis for review.  Id. at 5–10.

Specifically, The Commissioner contends that 29.5 hours of work by Lewis's counsel reviewing the administrative record and drafting his brief in support of the motion for judgment is unreasonable given the length of the administrative record, counsel's familiarity with that record, the routine nature of the issues at dispute, counsel's experience with SSI claims, and size of the brief.  Id. at pp. 9–10.  The Commissioner similarly argues that the hours spent on Lewis's reply brief is excessive because of its

length, its content largely reiterating previous arguments, and the numerous attorneys who apparently billed time on the reply brief. Id. at 10. The Commissioner contends that three attorneys spending 11.2 hours on a routine 12-page reply brief is "excessive, redundant and otherwise unnecessary." Id. at 7 (quoting Hensley, 461 U.S. at 434). The Commissioner further contends that the court should use its discretion to reduce the amount requested because of the block billing method utilized by Lewis. Id. at 8 (citing Hensley, 461 U.S. at 433).

Lewis argues that the Commissioner has not met his burden to disprove that the fees requested are unreasonable. ECF No. 30 at 1. Lewis misstates the burden; Lewis must demonstrate that the fees are reasonable. Hensley, 461 U.S. at 437. The case law indicates that the prosecution of a typical claim for DIB takes between 20–40 hours. See, e.g., Gibson v. Colvin, 2015 U.S. Dist. LEXIS 20676, at *3, 2015 WL 728251 (E.D.N.C. 2015) (46.3 hours compensable where administrative record exceeded 1,000 pages); Brandon v. Colvin, 2015 U.S. Dist. LEXIS 20675, at * 4, 2015 WL 728225 (E.D.N.C. 2015) (23.5 hours compensable); Harlan v. Colvin, 2014 U.S. Dist. LEXIS 56492, at *6, 2014 WL 1632931 (W.D.N.C. 2014) (thirty-two hours compensable); Gibby v. Astrue, 2012 U.S. Dist. LEXIS 108177, at *14, 2012 WL 3155624 (W.D.N.C. 2012) (recognizing twenty to forty hour convention); Dixon v. Astrue, 2008 U.S. Dist. LEXIS 9903, at *12, 2008 WL 360989 (E.D.N.C. 2008) (25.23 hours of attorney time compensable); accord Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (survey of social security disability cases shows an average range of twenty to forty hours). Though Lewis only requests fees for 46 hours worked, given Lewis's counsel

6

vast experience on DBI claims and the relative simplicity of this claim, the court is not persuaded that all of the hours billed are reasonable.[1]

Furthermore, the timesheet submitted by Lewis indicates an attempt by counsel to bill the Commissioner for time worked that would not be properly billed if presented to Lewis for payment. Hyatt, 315 F.3d at 253 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."). Several entries bill for an attorney checking ECF, for the filing of documents, and forwarding e-mails to co-counsel. ECF No. 28-1. On their face, these entries are purely clerical and should be excluded from consideration for a fee award. See, e.g., Gibby, 2012 U.S. Dist. LEXIS 108177, at *6-7, 2012 WL 3155624; Holmes v. Astrue, 2010 U.S. Dist. LEXIS 82266 (D.S.C. 2010); accord Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). The timesheet also included time billed for revising the reply brief after the date it was submitted to the court. Compare ECF No. 21 (submitted September 23, 2019) with ECF No. 28-1 (charging time for work performed on the reply brief on October 1, 2019). The court finds that these time entries demonstrate a lack of "billing judgment" on behalf of Lewis's counsel. However, the court's inquiry into a proper assessment of fees does not end upon a finding of reasonable hours worked. Hensley, 461 U.S. at 434. The "crucial" factor in making this determination is the "results obtained." Id. Here, Lewis clearly was the "prevailing party" given the Commissioner's lack of objections to

---

[1] In making this finding, the court does not question that the work on the timesheet was actually performed. Rather, the court merely finds that the Commissioner should not, in the exercise of reasonable billing judgment, be held responsible for the entirety of time worked in this instance.

the R&R and concession that Lewis is entitled to attorney's fees. This weighs in favor of Lewis being awarded the vast majority of fees requested.

Therefore, the court grants in part and denies in part Lewis's motion for attorney's fees under the EAJA. Lewis is entitled to attorney's fees. However, because the court finds that the total amount of fees requested by the Lewis includes non-compensable and incorrectly billed charges, the court reduces the award claimed by Lewis under the EAJA. Rather than reduce or eliminate each and every potentially infringing time entry, the court exercises its broad discretion and reduces the EAJA award claimed by the Lewis by 11 hours. Rogers, 2015 WL 9239000, at *4. The Court finds that the $9,550.98 in attorney's fees claimed by the Lewis should be reduced to $7,267.05. This award and accurately reflects the billable labors of counsel falls well within the range of hours worked established by of other cases in this district.

## IV.   CONCLUSION

For the reasons set forth above, the court grants in part and denies in party Lewis's motion for attorney's fees. The motion is granted to the extent that the court awards Lewis attorney's fees under the EAJA; however, the motion is denied to the extent it seeks an amount that is more than that specified herein.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 16, 2020
Charleston, South Carolina**

8